Teresa A. Ascencio Cal. Bar No. 217053
SONNENSCHEIN NATH & ROSENTHAL LLP
4520 Main Street, Suite 1100
Kansas City, MO 64111
Telephone: (816) 460-2400
Facsimile: (816) 531-7545
tascencio@sonnenschein.com

Attorneys for Defendant DMS Holdings, Inc.
dba Mabis Healthcare and Duro-Med Industries

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>DMS HOLDINGS, INC. dba MABIS HEALTHCARE and DURO-MED INDUSTRIES, a Delaware Corporation; and DOES 1-100,<br><br>Defendant. | Case No. 08 CV 0559 H<br><br>Action filed: March 25, 2008<br><br>**ANSWER OF DEFENDANT DMS HOLDINGS, INC. dba MABIS HEALTHCARE and DURO-MED INDUSTRIES; COUNTERCLAIM FOR DECLARATORY JUDGMENT; DEMAND FOR JURY TRIAL**<br><br>Judge Barry Ted Moskowitz<br>Magistrate Judge Cathy Ann Bencivengo |

Defendant DMS HOLDINGS, INC. dba MABIS HEALTHCARE and DURO-MED INDUSTRIES ("MABIS"), for its Answer to the Complaint of Plaintiff JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST'S (collectively "Plaintiff" or "Sorrenson") answers as follows:

**THE PARTIES**

1.  In response to Paragraph 1 of the Complaint, MABIS state that the document attached to the Complaint as Exhibit A is a document that speaks for itself and appears to be a true and accurate copy of United States Patent Number 4,935,184 ("the '184 patent"). Upon information

and belief, MABIS admits the remaining allegations of Paragraph 1 of the Complaint.

2. MABIS admits the allegations of Paragraph 2 of the Complaint.

3. MABIS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 3 of the Complaint, and therefore denies the same.

4. MABIS denies the allegations of Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Paragraph 5 of the Complaint contains only legal conclusions and, therefore, requires no answer. To the extent Paragraph 5 contains allegations other than legal conclusions, MABIS admits that Plaintiff purports to bring this action under the Patent Laws of the United States of America.

6. Paragraph 6 of the Complaint contains only legal conclusions and, therefore, requires no answer. To the extent Paragraph 6 contains allegations other than legal conclusions, MABIS denies the allegations contained therein.

7. MABIS admits that this Court has personal jurisdiction over it. Except as specifically admitted, MABIS denies the allegations of Paragraph 7 of the Complaint.

## CLAIM FOR RELIEF

### (Patent Infringement)

8. MABIS incorporates by this reference its answer to Paragraphs 1 through 7 of the Complaint, as though fully set forth herein.

9. Upon information and belief, MABIS admits the allegations of Paragraph 9 of the Complaint.

10. MABIS denies the allegations of Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint contains only legal conclusions and, therefore, requires no answer. To the extent Paragraph 11 contains allegations other than legal conclusions, MABIS admits that Sorrenson asserts its patent infringement claim as to those items it has identified as the "Accused Products." Except as specifically admitted, MABIS denies the allegations of Paragraph 11 of the Complaint.

12. MABIS admits that it has not obtained a license for the import, sale or offer for sale in the United State of products manufactured through use of processes claimed in the '184 patent but denies that any such license is required for the products imported, sold or offered for sale by MABIS. Except as specifically admitted, MABIS denies the allegations of Paragraph 12 of the Complaint.

13. MABIS denies the allegations of Paragraph 13 of the Complaint.

14. MABIS admits that beginning with a letter dated April 22, 2005, Sorrenson sent MABIS communications concerning the patent '184. Except as specifically admitted, MABIS denies the allegations of Paragraph 14 of the Complaint.

15. In response to Paragraph 15 of the Complaint, MABIS states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 15 of the Complaint, until the claim term "dual layer external plastic housings" is defined by the Court, and therefore denies the same.

16. MABIS denies the allegations of Paragraph 16 of the Complaint.

17. MABIS admits that it has not obtained a license for the import, sale or offer for sale in the United State of products manufactured through use of processes claimed in the '184 patent but denies that any such license is required for the products imported, sold or offered for sale by MABIS. Except as specifically admitted, MABIS denies the allegations of Paragraph 17 of the Complaint.

18. MABIS admits that Sorrenson sent it a letter dated April 22, 2005, claiming infringement by MABIS of patent '184. Except as specifically admitted, MABIS denies the allegations of Paragraph 18 of the Complaint.

19. MABIS denies the allegations of Paragraph 19 of the Complaint.

20. MABIS admits that Plaintiff has requested that MABIS provide factual information regarding the manufacturing processes used to make its digital themometry. Except as specifically admitted, MABIS denies the allegations of Paragraph 20 of the Complaint.

21. MABIS denies the allegations of Paragraph 21 of the Complaint.

22. MABIS denies the allegations of Paragraph 22 of the Complaint.

23. MABIS denies the allegations of Paragraph 23 of the Complaint.

24.     MABIS denies the allegations of Paragraph 24 of the Complaint.

25.     MABIS denies the allegations of Paragraph 25 of the Complaint.

26.     Paragraph 26 of the Complaint contains only legal conclusions and, therefore, requires no answer. To the extent Paragraph 26 contains allegations other than legal conclusions, MABIS denies the allegations contained therein.

27.     MABIS denies the allegations of Paragraph 27 of the Complaint.

28.     MABIS denies the allegations of Paragraph 28 of the Complaint.

29.     MABIS denies the allegations of Paragraph 29 of the Complaint.

30.     Except as specifically admitted, MABIS generally denies the allegations of the Complaint. MABIS denies that Sorrenson is entitled to the relief requested or any relief whatsoever from MABIS.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
### (Estoppel, Laches and Waiver)

The Complaint, and each and every cause of action therein, is barred, either in whole or in part, by the doctrines of estoppel, laches, waiver, unclean hands and other applicable, equitable doctrines.

### Third Affirmative Defense
### (Non-Infringement)

The Complaint, and each and every cause of action therein, is barred, either in whole or in part, because MABIS has not infringed directly or by the doctrine of equivalents and is not infringing directly or by the doctrine of equivalents, has not contributorily infringed and is not contributorily infringing, and has not induced and is not inducing others to infringe any claim of the '184 patent.

### Fourth Affirmative Defense
### (Invalidity/Void)

The Complaint, and each and every cause of action therein, is barred, either in whole or in

-4-

ANSWER; COUNTERCLAIM; DEMAND FOR JURY TRIAL

21358018\V-2

part, because the '184 patent is invalid and/or void and/or unenforceable for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including without limitation, at least sections 102, 103 and 112 thereof.

**Fifth Affirmative Defense**
**(Non-Willfulness)**

To the extent it is determined that MABIS infringed the '184 patent, such infringement was not willful, but was inadvertent and in good faith based upon the advice of counsel.

**Sixth Affirmative Defense**
**(Prosecution History Estoppel)**

The Complaint, and each and every claim and cause of action therein, is barred, either in whole or in part, by the doctrine of prosecution history estoppel.

**Seventh Affirmative Defense**
**(Inherency)**

The Complaint, and each and every claim and cause of action therein, is barred, either in whole or in part, by the doctrine of inherency.

**Eighth Affirmative Defense**
**(Limitation on Damages)**

Plaintiff's prayer for damages is limited by 35 U.S.C. § 287.

**Ninth Affirmative Defense**
**(Patent Misuse)**

The Complaint and each and every claim and cause of action therein, is barred, either in whole or in part, by the doctrine of patent misuse.

**WHEREFORE**, MABIS prays as follows:

a.   That the Complaint be dismissed with prejudice;

b.   That Plaintiff take nothing by way of its Complaint;

c.   That MABIS be awarded its reasonable costs and attorneys' fees; and

d.   For such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

MABIS, by and through its attorneys, Sonnenschein Nath & Rosenthal LLP, for its Counterclaim against Sorensen upon knowledge as to its own acts and upon information and belief as to all other matters, alleges as follows:

### THE PARTIES

1. Counterclaim Plaintiff MABIS is a corporation organized under the laws of Delaware with its principal place of business at 1931 Norman Drive, Waukegan, Illinois, 60085.

2. Upon information and belief, Counterclaim Defendant Sorensen is a California resident trust, and the trustee of a trust organized according to California law, with its principal place of business at 9930 Mesa Rim Road, Suite 300, San Diego, California 92121.

### JURISDICTION AND VENUE

3. The Court has jurisdiction over the subject matter of this Counterclaim under the laws of the United States concerning actions relating to patents, 28 U.S.C. §§ 1331 and 1338(a), the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and diversity under 28 U.S.C. § 1332.

4. Personal jurisdiction is proper over the Parties in this Judicial District. Sorensen is a California resident trust, and the trustee of a trust organized according to California law, with its principal place of business in California.

5. On information and belief, venue in this district is proper under 28 U.S.C. 1391(a)(2) and (b)(2).

### BACKGROUND FACTS

6. MABIS manufactures, sells, and/or distributes durable medical goods including digital themometry products.

7. MABIS received a letter from Sorensen dated April 22, 2005. In the letter, Sorensen alleged that MABIS, by manufacturing and selling certain digital themometry products, was and is infringing upon the '184 patent which, upon information and belief, is owned by Sorensen. Sorensen offered to license the '184 patent to MABIS and, in the absence of a license, demanded that MABIS cease and desist from sale of certain digital themometry products.

8.      Since April 2005, over the course of the next two years, Sorensen has sent 14 additional demand letters to MABIS in Illinois and has made repeated demands and requests that MABIS disclose to Sorensen information relating to MABIS' and its business partners' manufacturing methods on the alleged infringing products and has made repeated demands that MABIS provide assurances that it will either enter into a license agreement with Sorensen or cease and desist from selling the alleged infringing products.  In those letters, Sorensen also repeatedly threatened to sue MABIS and its business partners for infringement of the '184 patent.

9.      Sorensen's letters to MABIS are dated April 22, 2005, July 13, 2005, September 22, 2005, January 16, 2006, August 11, 2006, August 18, 2006, August 31, 2006, September 5, 2006, September 15, 2006, October 10, 2006, January 9, 2007, February 2, 2007, March 7, 2007, April 12, 2007, and May 2, 2007.

10.     MABIS has responded to Sorensen's letters on numerous occasions with information showing it does not infringe upon the '184 patent and has offered to allow Sorensen to inspect its manufacturer's facility, which Sorensen has refused to do.

11.     Despite MABIS' explanations of non-infringement, Sorensen filed the current action against MABIS.

## COUNTERCLAIM I

**(Declaratory Judgment of Non-Infringement of the '184 Patent)**

12.     MABIS realleges and incorporates by reference the allegations set forth in paragraphs 1 through 11 of this Counterclaim, as though fully set forth herein.

13.     Upon information and belief, Sorensen owns the '184 patent, entitled "Stabilized Injection Molding When Using a Common Mold Part with Separate Complimentary Mold Parts," issued by the USPTO on June 19, 1990.

14.     Sorensen contends that the manufacture and sale of certain of MABIS' digital themometry products infringes the '184 patent and has asserted its position in the present action.

15.     None of MABIS' digital themometry products infringe the '184 patent.

16. By reason of the matters alleged above, there exists an actual controversy between MABIS and Sorensen concerning whether any of MABIS' products infringes the '184 patent.

## COUNTERCLAIM II

**(Declaratory Judgment of Invalidity of the Patents)**

17. MABIS realleges and incorporates by reference the allegations set forth in paragraphs 1 through 16 of this Counterclaim, as though fully set forth herein.

18. To the extent that Sorensen defines the claims of the '184 patent to cover MABIS' products, the '184 patent is invalid for failure to comply with the conditions of patentability as set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

19. By reason of the matters alleged above, there exists an actual controversy between MABIS and Sorensen concerning whether the '184 patent is invalid.

## PRAYER FOR RELIEF ON COUNTERCLAIM

**WHEREFORE**, MABIS prays for the following relief on its Counterclaim:

a. The entry of judgment on the Counterclaim against Sorensen, and in favor of MABIS;

b. On Counterclaim I, for an order declaring that MABIS does not infringe the '184 patent, either directly, indirectly, contributorily or through inducement, literally or under the Doctrine of Equivalents;

c. On Counterclaim II, for an order declaring that the Patents are invalid;

d. For its reasonable attorneys' fees and costs; and

e. For such other and further relief as the Court may deem just and proper.

///

///

///

-8-

ANSWER; COUNTERCLAIM; DEMAND FOR JURY TRIAL

21358018\V-2

Case 3:08-cv-00559-BTM-CAB    Document 8    Filed 05/01/2008    Page 9 of 10

**DEMAND FOR JURY TRIAL**

MABIS hereby requests that all claims and counterclaims in this action be tried to a jury.

Dated: May 1, 2008                              SONNENSCHEIN NATH & ROSENTHAL LLP


                                                By:         s/Teresa A. Ascencio
                                                Attorneys for Defendant DMS Holdings, Inc. Dba
                                                Mabis Healthcare and Duro-Med Industries

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

-9-

ANSWER; COUNTERCLAIM; DEMAND FOR JURY TRIAL

21358018\V-2

# **PROOF OF SERVICE**

I am employed in the Jackson County, Missouri and am an attorney duly licensed to practice law in the State of California and before the United States District Court for the Southern District of California. I am over the age of eighteen and not a party to the within action; my business address is 4520 Main Street, Suite 1100, Kansas City, MO 64111.

I hereby certify that on May 1, 2008, I electronically filed the foregoing

**ANSWER OF DEFENDANT DMS HOLDINGS, INC. dba MABIS HEALTHCARE and DURO-MED INDUSTRIES; COUNTERCLAIM FOR DECLARATORY JUDGMENT; DEMAND FOR JURY TRIAL**

with the Clerk of the Court using the ECF system which will send notification of such filing to all parties registered to receive electronic service in the above-captioned case.

I declare under the laws of California and the United States of America that I am a member of the bar of this Court who executed service in the foregoing manner.

EXECUTED ON May 1, 2008 at Kansas City, Missouri:  s/Teresa A. Ascencio

-1-

ANSWER; COUNTERCLAIM; DEMAND FOR JURY TRIAL

21358018\V-2