1   MELODY A. KRAMER, SBN 169984
    KRAMER LAW OFFICE, INC.
2   9930 Mesa Rim Road, Suite 1600
3   San Diego, California 92121
    Telephone (858) 362-3150
4   mak@kramerlawip.com

5

6   J. MICHAEL KALER, SBN 158296
    KALER LAW OFFICES
7   9930 Mesa Rim Road, Suite 200
    San Diego, California 92121
8   Telephone (858) 362-3151
9   michael@kalerlaw.com

10

11
    Attorneys for Plaintiff JENS ERIK SORENSEN,
12  as Trustee of SORENSEN RESEARCH AND
    DEVELOPMENT TRUST
13

14

15
                UNITED STATES DISTRICT COURT
16
         FOR THE SOUTHERN DISTRICT OF CALIFORNIA
17

18  JENS ERIK SORENSEN, as Trustee of  ) Case No. 08cv559 BTM CAB
    SORENSEN RESEARCH AND              )
19  DEVELOPMENT TRUST,                 )
                                       ) **PLAINTIFF'S RESPONSE**
20                                     ) **TO OSC RE STAY**
                      Plaintiff        )
21       v.                            )
22                                     )
23  DMS HOLDINGS, INC. d.b.a. MABIS    )
    HEALTHCARE and DURO-MED            )
24  INDUSTRIES, a a Delaware Corporation; )
    and DOES 1 – 100,                  )
25                                     )
26                    Defendants.      )
    _____)
27  and related counterclaims.         )
    _____)
28

1

# TABLE OF CONTENTS

2

3

TABLE OF AUTHORITIES ...................................................................................... iv

4

INTRODUCTION ....................................................................................................... 1

5

FACTUAL SUMMARY ............................................................................................. 1

6

7

ARGUMENT ............................................................................................................... 4

8

I.  REEXAMINATION PROCEEDINGS OF THE '184 PATENT NEITHER
    MANDATE NOR JUSTIFY STAY OF THIS CASE ................................... 4

9

10

    A.  New Statistics Indicate That the Average Pendency Of An Ex Parte
        Reexamination Exceeds Three Years ................................................... 4

11

12

    B.  The District Court is The Best Venue For Adjudication As The Issues
        Subject To Reexamination Are Subject To Re-litigation .................... 5

13

14

        1.  Patent invalidly is the least likely outcome of the
            reexamination ............................................................................ 6

15

16

        2.  The Patent Office will not have all prior art ............................ 6

17

        3.  The District Court Litigation will be determinative ................. 6

18

19

    C.  A stay would unduly prejudice and tactically disadvantage the
        nonmoving party – Plaintiff ............................................................... 7

20

21

II.  PROCEEDINGS ON THE CLAIMED DEFENSE OF LACHES SHOULD
     NOT BE STAYED .................................................................................... 8

22

23

III.  PROCEEDINGS ON ISSUES IN THIS CASE THAT ARE UNRELATED
      TO THE SUBJECT MATTER OF THE PENDING REEXAMINATIONS
      SHOULD NOT BE STAYED. .................................................................. 9

24

25

    A.  Proceedings On Procedural Issues Raised By The Pleadings Should
        Not Be Stayed. ................................................................................... 10

26

27

    B.  Proceedings On Affirmative Defenses Unrelated To Issues
        Being Addressed In Reexamination Should Not Be Stayed. ............. 10

28

Case No. 08cv304 BTM CAB

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

C.    Proceedings on Patent Invalidity and/or Unenforceability
Claims Outside of the Scope of the Reexamination Proceedings
Should Not Be Stayed. ................................................................ 10


CONCLUSION ............................................................................................. 11

1

**TABLE OF AUTHORITIES**

2

<u>Cases</u>

3

*A.C. Aukerman Co. v. R.L. Chaides Construction Co.,* 960 F.2d 1020,
1028 (Fed. Cir. 1992) ............................................................................................8

4

5

*Acoustical Design, Inc. v. Control Elecs. Co.,* 932 F.2d 939, 942, 18
USPQ2d 1707, 1710 (Fed. Cir.)...........................................................................6

6

*ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378, 1380
(N.D.Cal. 1994)....................................................................................................4

7

8

*Sony Computer Entertainment America Inc. v. Dudas*, 2006 WL 1472462,
        at *4 (E.D.Va. May 22, 2006) .....................................................................5

9

*Jain v. Trimas Corp.*, 2005 WL 2397041, at *1 (E.D. Cal. 2005) .........................4

10

*KLA-Tencor Corp. v. Nanometrics, Inc.*, 2006 WL 708661, at *2 (N.D.
Cal. 2006)..............................................................................................................4

11

12

*NTP, Inc. v. Research in Motion, Ltd.,* 397 F. Supp. 2d 785, 788
(E.D.Va. 2005) .....................................................................................................7

13

*Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 2007 WL 2990152,
        at *1 (N.D.Cal. Oct. 11, 2007) ...................................................................6

14

15

*Ricoh Co. v. Aeroflex Inc.*, 2006 WL 3708069, at *2 (N.D. Cal. 2006) .................4

*Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp .2d 1107, 1111 (N.D.
        Cal. 2006). ..................................................................................................7

16

17

<u>Statutes</u>

18

35 U.S.C. §301 . ......................................................................................................9

19

35 U.S.C. §302 . ......................................................................................................9

20

35 U.S.C. §315(c) ....................................................................................................5

21

22

23

24

25

26

27

28

Case No. 08cv304 BTM CAB

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# INTRODUCTION

On August 20, 2008, Judge Moskowitz directly voiced concerns about the possible length of the pending reexamination of U.S. Patent No. 9,435,184 ("'184 patent"):

> I saw somewhere that sometimes it [reexamination] can take up to five years. I don't find that acceptable. This is just no finality and there is lots of economic issues that companies are involved with that they can't have this hanging over their head for five years, plus the time of litigation.

Transcript from August 20, 2008 proceedings, at page 33:13-20 (copy attached as Exhibit A to *Kramer Decl.*).

New statistics show that the average pendency of an *ex parte* reexamination proceeding exceeds three years and often extends more than seven years.

Before staying this or any other cases on '184 patent, the Court is obligated to review and evaluate the growing body of evidence showing that the average length of *ex parte* reexaminations is far greater than the two years the USPTO reports it to be. This evidence is of expressed interest of this Court and directly undermines the Court's grant of stay pending reexamination in the *Sorensen v. Black & Decker* case issued a year ago.

Patent invalidity is the least likely outcome of the reexamination proceeding and thus the suggestion that the reexamination will save resources is mere speculation. Stay will unduly prejudice and tactically disadvantage the non-moving party – Plaintiff – and should not issue.

# FACTUAL SUMMARY

In July 2007, Black & Decker filed a request for reexamination of U.S. Patent 4,935,184 ("'184 patent"). In December 2007, co-defendants to Black & Decker filed another request for reexamination. *Kramer Decl.* ¶ 4.

In the 13 months since filing with the USPTO, no office action – the first

1    substantive step in a reexamination proceeding – has still not issued. *Kramer Decl.* ¶

2    5.

3          This Court has stated in previous orders for stay that "[i]f it appears that the

4    reexamination [of the '184 patent] will not be effected within a reasonable time,

5    Plaintiff may move to vacate the stay."[1]  Those orders explicitly rely on "the reasons

6    stated in the Court's order granting stay" in the *Black & Decker* case.

7          On February 25, 2008, Judge Moskowitz said "[i]f it turns out that this

8    [reexamination] is not going to be practicable because it's going to take five years,

9    you know, that's obviously something of concern to the court.  Two years is, well,

10   let's say it's long enough.  If it's going to be a lot longer, then the court may

11   reconsider the stay . . ."[2]

12         On June 25, 2008, well-respected intellectual property blogger Dennis Crouch

13   reported the results of a statistical analysis of USPTO reexamination figures for

14   2000+ reexamination certificates published since 2000.

15

16         The reexamination certificates in my sample had an average pendency
       of 33.5 months (median 28.5 months).*  The PTO's reported average

17     and median are 24.0 months and 18.6 months respectively.    The
       difference apparently comes from their inclusion of reexaminations

18     from the 1980's and the 1990's which had much lower pendency than

19     more recent numbers.

20   *Kramer Decl.* ¶ 6, Exhibit B.

21         On June 26, 2008, Professor Harold Wegner who has testified before Congress

22   regarding patent reforms and is also a partner with Foley & Lardner (counsel for one

23   of the *Black & Decker* case defendants) cited Dennis Crouch's research and added

24   _____

25         [1] For example, *Sorensen v. Senco, et al.,* Case No. 08cv00071.

26         [2] February 25, 2008 transcript of proceedings in *Sorensen v. Helen of Troy Texas
     Corporation, et al*, Case No. 07cv2278 BTM CAB, at page 17:17-24.  Although the Court

27   also stated that his "inclination" was to consider stays in the '184 patent case all together,
     the Court subsequently denied a Motion to Consolidate, thus seeming to moot that

28   intention.

1    his own blistering critique of the PTO reexamination process.

2

3    > There are serious structural problems with U.S. reexamination – both *ex parte* and inter partes. . . .

4    > ***Important Reexaminations Remain Pending Three-Plus Years:*** Many if not most *ex parte* reexaminations lose their commercial criticality

5    > after three years, resulting in either abandonment or acceptance of narrow claims after that period.

6    > ***Seven-Plus Years for Reexaminations Reaching the Federal Circuit:***

7    > Stripping away the "easy" *ex parte* reexaminations – particularly those

8    > presented by the patentee himself – and those that involved commercial settlements (where the patentee often then accepts whatever narrow

9    > claims may be offered by the Examiner), the remaining reexaminations

10   > would have a much higher average pendency than the already unsatisfactory 33.3 month average. . . .

11

12   *Kramer Decl.* ¶ 7, Exhibit C.

13        In February 2008, Professor Wegner was also reported in the San Diego

14   Intellectual Property Lawyers Association journal as stating that "today the average

15   ex parte reexamination takes about 5 years (vs. the PTO's claim that it takes 2 years).

16   If an appeal to the CAFC is involved, that extends the period to 7.7 years." *Kramer*

17   *Decl.* ¶ 8, Exhibit D.

18        In related cases in Southern California, this Court has already started

19   restricting the extent of stays in '184 patent cases, declining to stay resolution of

20   threshold procedural questions of personal jurisdiction and venue and advising

21   Defendants to produce asserted prior art now so it can be included in the pending

22   reexamination.[3]

23        Most recently, this Court has taken further steps to ensure preservation of

24   evidence pending stay by requiring representations by defendants that they are

25   preserving molds and technical documents in their possession, and allowing Plaintiff

26   to propound an interrogatory asking for identification of non-parties who may

27

28        [3]For example, *Sorensen v. Star Asia*, Case No. 08cv307.

possess such evidence. [4]

**ARGUMENT**

## I.   REEXAMINATION PROCEEDINGS OF THE '184 PATENT NEITHER MANDATE NOR JUSTIFY STAY OF THIS CASE

When determining the appropriateness of a stay pending reexamination, courts consider three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Ricoh Co. v. Aeroflex Inc.*, 2006 WL 3708069, at *2 (N.D. Cal. 2006) (citing *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378, 1380 (N.D.Cal. 1994)); *see also Jain v. Trimas Corp.*, 2005 WL 2397041, at *1 (E.D. Cal. 2005); *KLA-Tencor Corp. v. Nanometrics, Inc.*, 2006 WL 708661, at *2 (N.D. Cal. 2006).

As will be detailed below, consideration of these factors do not warrant a stay of this case.

### A.   New Statistics Indicate That the Average Pendency Of An *Ex Parte* Reexamination Exceeds Three Years.

The Court has indicated that the length of the reexamination is a primary factor in issuing a stay, and that anything beyond 2 years is unacceptable: "if nothing seems likely at the end of two years, then I don't know that I'm going to keep the stay. I mean, I think the odds are that I am not going to keep the stay in place." Kramer Decl. ¶ 10, Exhibit A, at page 10:15-18.

---

[4] *Sorensen v. Logitech, Inc., et al.*, Case No. 08cv308; *Sorensen v. CTT Tools, Inc., et al.,* Case No. 08cv231; *Sorensen v. Ryobi Technologies, Inc., et al.*, Case No. 08cv0070; *Sorensen v. Emerson Electric Co., et al,* Case No. 08cv0060; *Sorensen v. Esseplast (USA) NC, Inc., et al*, Case No. 07cv2277; *Sorensen v. Senco, et al.,* Case No. 08cv00071.

1    New evidence makes a compelling case that the reexamination will likely take

2    more than three years.  Statistics released on June 25, 2008, by University of

3    Missouri Intellectual Property Professor Dennis Crouch, show that the actual

4    pendency for *ex parte* reexaminations is 33.5 months.  *Kramer Decl.*, Exhibit B.

5    Moreover, the pendency of "important" reexaminations (reexaminations that

6    have reached the Federal Circuit for a merits appeal) is an astounding eight (8) years.

7    See *Kramer Decl.*, Exhibit C.

8    Additionally, Sorensen has conducted its own research and found over 90

9    completed reexaminations that took in excess of seven years to complete.  Further,

10   Sorensen found many other reexaminations for which no certificate has yet issued

11   after many years in the reexamination process.   *Kramer Decl.* ¶ 9.

12   The evidence is overwhelming.   There is no realistic expectation that the

13   reexamination in this case will take anything less than 3 years or more.  In that time,

14   this Court could undoubtedly resolve this case and those associated with '184 patent.

15   If this Court considers two years long enough, and overwhelming evidence

16   shows now that the reexamination will extend much longer than two years, there is

17   no reason why a stay should issue.  The Court should not wait two years before it

18   concludes that the initial two-year estimate was faulty.

19

20   B.    The District Court is The Best Venue As The Issues Subject To
         Reexamination Are Subject To Re-litigation

21

22   In *ex parte* reexaminations, the party requesting reexamination has no

23   participation in the proceedings after the filing of the request, with the exception of a

     potential reply if the patentee files the optional patent holder statement.  Because the

24   requestor does not participate in the proceedings, the requestor is not bound by the

25   outcome and can re-litigate the very invalidity arguments that the PTO rejected in

26   subsequent litigation and more.   *See* 35 U.S.C. § 315(c); *Sony Computer*

27   *Entertainment America Inc. v. Dudas*, 2006 WL 1472462, at *4 (E.D.Va. May 22,

28

1  2006) (federal patent laws provide "for broad estoppel provisions pertaining to inter

2  partes reexaminations that do not apply to ex parte reexaminations"); *Procter &*

3  *Gamble Co. v. Kraft Foods Global, Inc.*, 2007 WL 2990152, at \*1 (N.D.Cal. Oct. 11,

4  2007).

5      Because each and every issue now pending before the USPTO in

6  reexamination can be re-litigated in this lawsuit, a stay pending completion of the

7  reexamination will not simplify any issues.

8

9      *1.     Patent invalidly is the least likely outcome of the reexamination.*

10     The statistics paint a very compelling picture that the reexamination will be a

11  complete waste of the USPTO's and the parties' time: only 12% of reexaminations

12  result in the cancellation of all claims, while 29% result in the confirmation of all

13  claims.  See *Kramer Decl.*, Exhibit B.  The most common result (59%) is the

14  confirmation of at least one independent claim.  *Id.*  However, every argument

15  defeated at the USPTO will be brought up again in front of this court.

16     In the balancing test that the Court must do when issuing a stay, the Court

17  should strongly consider the fact that the most likely outcome at the USPTO is that

18  the main issues for claim construction will look exactly like they do now.  Therefore,

19  the issues before the Court will not be simplified and the Court will have the same

20  arguments before it as the USPTO.

21

22     *2.     The Patent Office will not have all prior art.*

23     Another consideration that the Court should take into account is that the Patent

24  Office will not have all of the prior art before it during the reexamination.  There are

25  more than 20 different defendants in cases involving the 184' patent before this

26  Court.  None of them are required to disclose to the PTO the prior art they may have

27  in this case.  As a result the District Court, where all arguments and all prior art, by

28  all interested parties, are disclosed, is the best venue for determination.

1

2

3

4

5

6

7

*3.      The District Court litigation will be determinative.*

There is an 88% chance that this case will continue in litigation before this Court despite the reexamination delay.  The reason is simple.  The least likely outcome from the USTPO is complete cancellation of claims.  Further, the litigation before this Court will be determinative and binding for all parties involved; the reexamination is not.  As a result, there is no reason to delay litigation before this Court.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

C.      A stay would unduly prejudice and tactically disadvantage the nonmoving party – Plaintiff.

Plaintiff hereby incorporates its arguments contained in Oppositions to Motions for Stay in related '184 patent cases[5] and the responses to OSC re Stay in related cases[6] showing that it is unlikely that the pending reexaminations will be completed within a reasonable period of time, and certainly not within the 18-24 month typical pendency reported by the USPTO.

Motions to stay pending patent reexamination have been denied where the likely length of reexamination will serve to exacerbate the risk of lost evidence. *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp .2d 1107, 1111 (N.D. Cal. 2006).

For the reasons explained in detail in the Oppositions to Motion for Stay in related '184 patent cases, incorporated herein by reference, the expected delay pending completion of the reexaminations is very likely to result in loss of evidence,

22

23

24

25

26

27

[5] *Sorensen v. Kyocera International, Inc., et al.*, Case No. 08cv411; *Sorensen v. Central Purchasing, LLC, et al.*, Case No. 08cv309; *Sorensen v. Logitech, Inc., et al.*, Case No. 08cv308; *Sorensen v. Sunbeam Products, Inc., et al.*, Case No. 08cv306; *Sorensen v. CTT Tools, Inc., et al.*, Case No. 08cv231; *Sorensen v. Global Machinery Company, et al.*, Case No. 08cv233; *Sorensen v. Emissive Energy Corp., et al.*, Case No. 08cv234; *Sorensen v. Motorola, Inc., et al.*, Case No. 08cv0136; *Sorensen v. Ryobi Technologies, Inc., et al.*, Case No. 08cv0070; *Sorensen v. Emerson Electric Co., et al*, Case No. 08cv0060; *Sorensen v. Energizer Holdings, Inc., et al*, Case No. 07cv2321; *Sorensen v. Giant International, Inc., et al*, Case No. 07cv2121; *Sorensen v. Esseplast (USA) NC, Inc., et al*, Case No. 07cv2277; *Sorensen v. Helen of Troy Texas Corporation, et al*, Case No. 07cv2278; *Sorensen v. The Black & Decker Corporation, et al*, Case No. 06cv1572.

28

[6] *Sorensen v. Star Asia*, Case No. 08cv307.

1    and loss of the ability to timely name and identify all necessary defendants. If

2    Plaintiff is unable to identify defendants and others in possession of necessary

3    evidence, there is no way to ensure that evidence will be preserved during the stay.

4         Lengthy reexamination proceedings and corresponding lengthy stays

5    undermine the legislative mandate of "special dispatch," and also undermine the

6    intent of the Local Patent Rules to get cases to claim construction within

7    approximately 9 months and trial within 18 months of filing. The Local Patent Rules

8    timeframe cannot be satisfied when lawsuits are stayed for reexamination. Further,

9    in those cases where the Defendants have alleged a laches claim (whether or not

10    meritorious), the delay from a reexamination stay can only exacerbate the prejudice

11    problems that the laches defense is intended to address.

12         A stay would be unduly prejudicial to the Plaintiff and subject Plaintiff to a

13    clear tactical disadvantage. No stay should issue.

14         At a minimum, the Court should, as it has already done in related cases,

15    provide Plaintiff the ability to propound an interrogatory to obtain identification of

16    nonparties who may be in possession of relevant evidence, and Plaintiff should have

17    leave to request further relief to ensure preservation of that evidence when

18    warranted.

19

20    **II.   PROCEEDINGS ON THE CLAIMED DEFENSE OF LACHES
         SHOULD NOT BE STAYED.**

21

22         Defendant has claimed entitlement to a laches defense (Docket #8, Second

23    Affirmative Defense).

24         Laches is an equitable defense to a claim of patent infringement. *A.C.*

25    *Aukerman Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020, 1028 (Fed. Cir.

26    1992). To invoke laches, the alleged infringer must prove two factors: (1) the

27    patentee delayed filing suit for an unreasonable and inexcusable length of time; and

28    (2) the alleged infringer suffered material prejudice attributable to the delay. *Id.* at

1    1028, 1032-34.

2           The reexamination proceedings have no bearing on a laches claim.    If

3    Defendant had a legitimate laches claim – if Defendant suffers material prejudice

4    attributable to delay – stay of this case simply aggravates the situation.

5           Plaintiff should be entitled to proceed on discovery and motion practice, if

6    appropriate, on the laches defense, while the reexamination proceeds.    At a

7    minimum, the Court's order for stay should specify that any further delay in

8    proceeding with this case cannot be considered with respect to laches.

9
10   **III.    PROCEEDINGS   ON   ISSUES   IN   THIS   CASE   THAT   ARE
             UNRELATED TO THE SUBJECT MATTER OF THE PENDING
11           REEXAMINATIONS SHOULD NOT BE STAYED.**

12          The scope of a patent reexamination is strictly limited by statute. "Any person

13   at any time may file a request for reexamination by the [US Patent and Trademark]

14   Office of any claim of a patent on the basis of any prior art cited under the provisions

15   of section 301 of this title."    35 U.S.C. §302 (2006).    Prior art under section 301

16   means "prior art consisting of patents or printed publications which that person

17   believes to have a bearing on the patentability of any claim of a particular patent."

18   35 U.S.C. §301 (2006).    The subjective belief of a requestor that the prior art might

19   "have a bearing on . . . patentability" is not a very high standard, especially when the

20   requestor is a litigant and has a vested interest in the outcome.

21          Reexaminations of patents are much narrower in scope than the wide-ranging

22   set of issues dealt with in infringement and/or declaratory relief actions involving the

23   same patent.    Furthermore, the resulting decisions from the PTO on *ex parte*

24   reexaminations such as those currently pending on the '184 patent are not binding on

25   either the requestors (Black & Decker and its co-defendants) nor on the Defendant in

26   this case.    As such, a patent reexamination is not a substitute for trial.

27          Because the reexaminations are limited to narrow issues, there is no reason to

28   stay proceedings in this litigation on matters that do not fall within that narrow

1    spectrum.  In this case, those issues include at least three procedural issues, three

2    asserted equitable affirmative defenses, and several asserted patent invalidity and/or

3    unenforceability affirmative defenses.

4

5          A.    <u>Proceedings On Procedural Issues Raised By The Pleadings Should Not Be Stayed.</u>

6          Mabis has raised at least the following procedural issues in its Answer (Docket

7    #8): (1) proper venue (denied in paragraph 6); and (2) failure to state a claim (first

8    affirmative defense).

9          The reexaminations ongoing before the PTO have no bearing on either of

10   these issues and therefore a stay will not serve to simplify the issues in question.  A

11   stay, however, would prejudice Plaintiff through a wholly unnecessary delay in

12   resolution of these threshold procedural issues.

13         As this Court ruled in the *Sorensen v. Star Asia* case, discovery and any other

14   proceedings relating to these two issues should not be stayed.

15

16         B.    <u>Proceedings On Affirmative Defenses Unrelated To Issues Being Addressed In Reexamination Should Not Be Stayed.</u>

17

18         Defendant has asserted the following substantive affirmative defenses that are

19   unrelated to the reexamination proceedings.

20         The reexaminations ongoing before the PTO have no bearing on either of

21   these affirmative defenses and therefore a stay will not serve to simplify the factual

22   or legal issues presented by these defenses.  A stay, however, would, prejudice

23   Plaintiff through a wholly unnecessary delay in resolution of these affirmative

24   defenses to infringement.  Discovery and any proper proceedings relating to these

25   affirmative defenses should not be stayed.

26         C.    <u>Proceedings on Patent Invalidity and/or Unenforceability Claims Outside of the Scope of the Reexamination Proceedings Should Not Be Stayed.</u>

27

28

1    Defendant has not disclosed its basis for its claims of patent invalidity and/or

2    unenforceability and therefore there is no reason to believe that these completey

3    overlap with the reexamination proceedings.

4    These issues are not based upon prior patent or prior printed publications and

5    does not fall within the scope of any possible patent reexamination proceeding.  As

6    such, this Court will receive no assistance in resolving these matters from any PTO

7    decision on the reexaminations.

8    There is no basis for delaying a resolution on defenses to infringement that

9    bear no relation to issues that are the subject of the pending reexaminations.  The

10   Court should proceed with discovery and related proceedings on these asserted

11   defenses.

**CONCLUSION**

13   This Court has said that "two years is long enough" for a stay pending

14   reexamination, and stays of the '184 cases have already extended for over 13 months

15   from the date of reexamination filing.  New evidence demonstrates that there is no

16   reason to believe that the reexamination will be completed in two years.  Thus, any

17   stay is without factual or legal basis.

18   Stay of the entire case is inappropriate because of the undue prejudice to

19   Plaintiff, the likelihood that the stay will extend for an unreasonable length of time,

20   and the overwhelming likelihood that the reexamination will not simplify the issues

21   before the Court.

22   However, should the Court issue a stay, it should be limited to those issued

23   before the USPTO and not any threshold procedural or other issues that are unrelated

24   to the reexamination, specifically, (1) laches, (2) procedural issues; (3) affirmative

25   defenses unrelated to the pending reexaminations; and (4) invalidity and/or

26   enforceability claims that are outside of the scope of the reexaminations.  Plaintiff

27   should also be entitled to the relief given in the related cases regarding preservation

28   of evidence.

Case No. 08cv559 BTM CAB

11.

1

2      DATED this Thursday, August 28, 2008.

3                                        JENS ERIK SORENSEN, as Trustee of
                                         SORENSEN RESEARCH AND DEVELOPMENT
4                                        TRUST, Plaintiff

5

6                                        /s/ Melody A. Kramer
                                         Melody A. Kramer, Esq.
7                                        J. Michael Kaler
                                         Attorney for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2    I, Melody A. Kramer, declare:  I am and was at the time of this service working within in

3    the County of San Diego, California.  I am over the age of 18 year and not a party to the within

4    action.  My business address is the Kramer Law Office, Inc., 9930 Mesa Rim Road, Suite 1600,

5    San Diego, California, 92121.

6        On Thursday, August 28, 2008, I served the following documents:

7

### PLAINTIFF'S RESPONSE TO OSC RE STAY

8

9    ### DECLARATION OF MELODY KRAMER IN SUPPORT OF PLAINTIFF'S
RESPONSE TO OSC RE STAY

10

11

| PERSON(S) SERVED | PARTY(IES) SERVED | METHOD OF SERVICE |
|---|---|---|
| Teresa A. Ascencio Sonnenschein Nath & Rosenthal LLP 4250 Main Street, Suite 1100 Kansas City, MO 64111 tascencio@sonnenschein.com | DMS Holdings, Inc. | Email--Pleadings Filed with the Court via ECF |

12

13

14

15

16

17    [X]  (Email--Pleadings Filed with the Court) Pursuant to Local Rules, I electronically filed
this document via the CM/ECF system for the United States District Court for the

18    Southern District of California.

19

20        I declare that the foregoing is true and correct, and that this declaration was executed on

21    Thursday, August 28, 2008, in San Diego, California.

22

23                                            /s/ Melody A. Kramer

24                                            Melody A. Kramer

25

26

27

28

Case No. 08cv559 BTM CAB