1  Teresa A. Ascencio Cal. Bar No. 217053
   SONNENSCHEIN NATH & ROSENTHAL LLP
2  4520 Main Street, Suite 1100
   Kansas City, MO 64111
3  Telephone: (816) 460-2400
   Facsimile: (816) 531-7545
4  tascencio@sonnenschein.com

5

6  Attorneys for Defendant DMS Holdings, Inc.
   dba Mabis Healthcare and Duro-Med Industries

7

8

9                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF CALIFORNIA
10

11 | JENS ERIK SORENSEN, as Trustee of       | Case No. 3:08-cv-00559-BTM-(CAB)
     SORENSEN RESEARCH AND
12 | DEVELOPMENT TRUST,                      | Action filed: March 25, 2008

13         Plaintiff,                          **DEFENDANT DMS HOLDINGS, INC.
                                               dba MABIS HEALTHCARE and
14   vs.                                       DURO-MED INDUSTRIES'
                                               OBJECTIONS TO THE
15 | DMS HOLDINGS, INC. dba MABIS             DECLARATION OF MELODY
     HEALTHCARE and DURO-MED                   KRAMER IN SUPPORT OF
16 | INDUSTRIES, a Delaware Corporation;      PLAINTIFF'S RESPONSE TO OSC RE
     and DOES 1-100,                           STAY**
17
         Defendant.
18

19                                             Judge Barry Ted Moskowitz
                                               Magistrate Judge Cathy Ann Bencivengo
20

21       Defendant DMS Holdings, Inc., doing business as MABIS Healthcare and Duro-Med

22 Industries, ("DMS Holdings") hereby files these Objections to the Declaration of Melody Kramer In

23 Support Of Plaintiff's Response To OSC Re Stay.

24       **KRAMER DECLARATION**

25       5.      In the 13 months since filing with the USPTO, no office action – the first substantive

26 step in a reexamination proceeding – has still not issued.

27 ///

28
                                              -1-

## OBJECTIONS

DMS Holdings objects to paragraph 5 of the Kramer Declaration on the following grounds: lacks foundation, hearsay

## KRAMER DECLARATION

6. On June 25, 2008, well-respected intellectual property blogger Dennis Crouch reported the results of a statistical analysis of USPTO reexamination figures for 2000+ reexamination certificates published since 2000. The copy of a report is attached herein as Exhibit B.

## OBJECTIONS

DMS Holdings objects to paragraph 6 of the Kramer Declaration on the following grounds: lacks foundation, hearsay. DMS Holdings further objects to Exhibit B to the Kramer Declaration on the following grounds: lacks foundation, double hearsay, and improper opinion.

## KRAMER DECLARATION

7. On June 26, 2008, Professor Harold Wegner who has testified before Congress regarding patent reforms and is also a partner with Foley & Lardner (counsel for one of the Black & Decker case defendants) cited Dennis Crouch's research and added his own blistering critique of the PTO reexamination process. The copy of his email to Melody Kramer is attached herein as Exhibit C.

## OBJECTIONS

DMS Holdings objects to paragraph 7 of the Kramer Declaration on the following grounds: lacks foundation, hearsay, mischaracterizes exhibit. DMS Holdings further objects to Exhibit C to the Kramer Declaration on the following grounds: lacks foundation, double hearsay, and improper opinion.

## KRAMER DECLARATION

8. In February 2008, Professor Wegner was also reported in the San Diego Intellectual Property Lawyers Association journal as stating that "today the average ex parte reexamination takes about 5 years (vs. the PTO's claim that it takes 2 years). If an appeal to the CAFC is involved, that extends the period to 7.7 years." The article from this journal is attached herein as Exhibit D.

## OBJECTIONS

DMS Holdings objects to paragraph 8 of the Kramer Declaration on the following grounds: lacks foundation, hearsay. DMS Holdings further objects to Exhibit D to the Kramer Declaration on the following grounds: lacks foundation, double hearsay, and improper opinion.

## KRAMER DECLARATION

9. Additionally, Sorensen has conducted its own research and found over 90 completed reexaminations that took in excess of seven years to complete. Further, Sorensen found many other reexaminations for which no certificate has yet issued after many years in the reexamination process.

## OBJECTIONS

DMS Holdings objects to paragraph 9 of the Kramer Declaration on the following grounds: lacks foundation, hearsay, and improper opinion.

Dated: September 4, 2008         **SONNENSCHEIN NATH & ROSENTHAL LLP**

By: /s/   Teresa A. Ascencio

Attorneys for Defendant DMS Holdings, Inc. Dba Mabis Healthcare and Duro-Med Industries

# PROOF OF SERVICE

I am employed in Jackson County, Missouri and am an attorney duly licensed to practice law in the State of California and before the United States District Court for the Southern District of California. I am over the age of eighteen and not a party to the within action; my business address is 4520 Main Street, Suite 1100, Kansas City, MO 64111.

I hereby certify that on September 4, 2008, I electronically filed the foregoing

**DEFENDANT DMS HOLDINGS, INC. dba MABIS HEALTHCARE and DURO-MED INDUSTRIES OBJECTIONS TO THE DECLARATION OF MELODY KRAMER IN SUPPORT OF PLAINTIFF'S RESPONSE TO OSC RE STAY**

with the Clerk of the Court using the ECF system which will send notification of such filing to all parties registered to receive electronic service in the above-captioned case.

I declare under the laws of California and the United States of America that I am a member of the bar of this Court who executed service in the foregoing manner.

EXECUTED ON September 4, 2008, at Kansas City, Missouri:  s/Teresa A. Ascencio

-1-

OBJECTIONS TO KRAMER DECLARATION
08-cv-00559-BTM-(CAB)