1  J. MICHAEL KALER, SBN 158296
2  KALER LAW OFFICES
   9930 Mesa Rim Road, Suite 200
3  San Diego, California 92121
   Telephone (858) 362-3151
4  michael@kalerlaw.com
5
   MELODY A. KRAMER, SBN 169984
6  KRAMER LAW OFFICE, INC.
   9930 Mesa Rim Road, Suite 1600
7  San Diego, California 92121
   Telephone (858) 362-3150
8  mak@kramerlawip.com
9
10 Attorneys for Plaintiff JENS ERIK SORENSEN,
   as Trustee of SORENSEN RESEARCH AND
11 DEVELOPMENT TRUST

12                UNITED STATES DISTRICT COURT
13            FOR THE SOUTHERN DISTRICT OF CALIFORNIA
14

| | |
|---|---|
| 15  JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST, | Case No. 08cv559 BTM CAB |
| 16 | |
| 17                Plaintiff | **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DELAY RULING ON THE COURT'S OSC WHY THE CASE SHOULD NOT BE STAYED AND ALLOW CONDUCT OF DEPOSITIONS OF HAROLD WEGNER AND DENNIS CROUCH** |
| 18    v. | |
| 19  DMS HOLDINGS, Inc. dba MABIS HEALTHCARE and DURO-MED INDUSTRIES; a Delaware corporation; and DOES 1 – 100, | |
| 20 | |
| 21 | |
| 22               Defendants. | Date: October 17, 2008
Time: 11:00 A.M.
Courtroom: 15, Fifth Floor
Hon. Barry Ted Moskowitz |
| 23 | |
| 24  AND RELATED COUNTERCLAIMS | NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT – |
| 25 | |
| 26 | *Oral Argument Has Been Respectfully Requested by Plaintiff* |
| 27 | |

28

## INTRODUCTION

Plaintiff Jens Erick Sorensen, as Trustee of Sorensen Research and Development Trust ("SRDT") hereby respectfully moves the Court to delay its ruling on the Order to Show Cause Why the Case Should Not be Stayed issued on August 19, 2008 (Docket # 14) ("OSC") and for leave to promptly subpoena depositions of two individuals who have published statistical research that materially undermines the USPTO's estimate of the typical time for completion of *ex parte* reexaminations, USPTO's estimates upon which this Court has relied.

Defendant filed an evidentiary objection to Plaintiff's quotation of findings from two published law professors, Harold Wegner and Dennis Crouch, in response to the Court's OSC. However, until discovery is allowed, Plaintiff cannot obtain and provide the Court with the first-hand research from these two law professors with regard to the typical duration of recently filed patent reexaminations.

Conduct of the depositions of Professor Wegner and Professor Crouch will provide the parties and the Court with critical information related to the likely delay that can be expected if this case is stayed pending completion of reexaminations pending before the USPTO of U.S. Patent number 4,935,184 ("the '184 patent"). As the reexaminations of the '184 patent are now critical to the completion of more than two dozen cases pending before this Court, acquiring evidence of the likely delay to be expected is critical for the Court and all parties.

## STATEMENT OF FACTS

On September 10, 2007, this Court entered a stay of the low-numbered '184 patent case, *Sorensen v. Black & Decker Corporation, et al*, Case No. 06cv1572, pending completion of an *ex parte* reexamination filed with the USPTO by Black & Decker. (Docket # 243). Since that time, this Court has stayed roughly two-dozen '184 patent infringement cases, "for the reasons stated in the Court's order granting stay" in the Black & Decker case.

The Court has repeatedly, however, expressed concerns of stay lasting more than two years[1]. On August 19, 2008, this Court issued an Order to Show Cause why this case should not be stayed. Docket # 14.

Plaintiff's Response to OSC re stay (Docket # 15) presented the Court with new evidence directly challenging USPTO estimates of the typical reexamination duration, and showing that the typical length of *ex parte* reexaminations is far greater than the two years the USPTO acknowledges. Docket # 15, pp.6-7. Plaintiff presented the Court with articles from well-known and respected members of the intellectual property community, Professor Harold Wegner and Professor Dennis Crouch, blogger for the Patently-O blog, including the following quotes:

> On June 25, 2008, well-respected intellectual property blogger Dennis Crouch reported the results of a statistical analysis of USPTO reexamination figures for 2000+ reexamination certificates published since 2000.
>
>> The reexamination certificates in my sample had an average pendency of 33.5 months (median 28.5 months).* The PTO's reported average and median are 24.0 months and 18.6 months respectively. The difference apparently comes from their inclusion of reexaminations from the 1980's and the 1990's which had much lower pendency than more recent numbers....
>>
>> There are serious structural problems with U.S. reexamination – both *ex parte* and *inter partes*. . . .
>> ***Important Reexaminations Remain Pending Three-Plus Years:*** Many if not most *ex parte* reexaminations lose their commercial criticality after three years, resulting in either abandonment or acceptance of narrow claims after that period.
>> ***Seven-Plus Years for Reexaminations Reaching the Federal Circuit:***
>> Stripping away the "easy" *ex parte* reexaminations – particularly those presented by the patentee himself – and those that involved commercial settlements (where the patentee often then accepts whatever narrow claims may be offered by the

---

[1] Transcript from August 20, 2008 proceedings, at page 33:13-20 (copy attached as Exhibit A to *Kaler Decl.*).

>    Examiner), the remaining reexaminations would have a much higher average pendency than the already unsatisfactory 33.3 month average. . . .

Docket # 15, page 7.

On September 4, 2008, Defendant DMS Holdings, Inc. ("Defendant") served a Reply Brief in support of stay, and objected to the Wegner and Crouch materials as being inadmissible hearsay. Docket # 17, page 2.

Plaintiff has not yet been able to initiate any discovery in this case because the timeline for conducting a Rule 26(f) conference is keyed off the scheduling of an ENE conference which has not been set by this Court, despite specific request by Plaintiff (see Docket #13).

Due to the critical nature of the issue of typical duration of *ex parte* patent reexaminations, and the inability for Plaintiff to obtain discovery on this issue without leave of court, Plaintiff seeks permission to obtain first-hand testimony from Professor Wegner and Professor Crouch regarding their research.

Plaintiff's counsel contacted Defendant's counsel, Teresa Ascencio of the law firm of Sonneschein Nath & Rosenthal, LLP, to obtain a stipulation regarding this matter. Ms. Ascencio, politely communicated that Defendant was opposed to the relief sought. Declaration of J. Michael Kaler ("Kaler Decl."), ¶ 10.

**ARGUMENT**

I.    SCHEDULING/TIMING WITHIN DISCRETION OF THE COURT.

"The court may accelerate, extend, eliminate, or modify the obligations or deadlines set forth in these Patent Local Rules based on the court's schedule or the circumstances of any particular case. . . ." Patent L.R. 1.3

Although the usual discovery schedule in patent cases has not commenced in this case, it is within the Court's discretion to allow immediate third-party discovery that is directly relevant to the Court's pending decision on whether a stay should issue in this case.

II. **THE COURT SHOULD DELAY ENTRY OF STAY IN THIS CASE UNTIL PLAINTIFF HAS AN OPPORTUNITY TO OVERCOME DEFENDANT'S EVIDENTIARY OBJECTIONS TO THE WEGNER/CROUCH MATERIALS.**

The Court has repeatedly noted that it will not allow the stay of the '184 patent cases to continue if it appears that the USPTO reexamination delay is likely to be much greater than two years.[2]  Now, that the reexaminations are well into the second year without even the issuance of a first office action from the USPTO[3], it is time that discovery on this issue be allowed so that appropriate decisions regarding the continuation of the stays in place can be made.

Plaintiff has presented the Court with material statistical research regarding the typical duration of *ex parte* reexaminations in Plaintiff's Response to the OSC. To further develop this evidence and to avoid any possibility that the data is inadmissible hearsay, Plaintiff should be given leave to subpoena Professor Wegner and Mr. Crouch for the purpose of obtaining a sufficient evidentiary basis to overcome Defendant's evidentiary objection to those materials.  This would only involve two short depositions regarding the basis of these individuals' published research regarding typical delays between the filing of an *ex parte* reexamination request and conclusion of the reexamination process.

---

[2] For example, on August 20, 2008, Judge Moskowitz directly voiced concerns about the possible length of the pending reexamination of the '184 patent:

> I saw somewhere that sometimes it [reexamination] can take up to five years. I don't find that acceptable. This is just no finality and there is lots of economic issues that companies are involved with that they can't have this hanging over their head for five years, plus the time of litigation.

Transcript from August 20, 2008 proceedings, at page 33:13-20 (copy attached as Exhibit A to *Kaler Decl*. (Docket # 15)).

[3] *Kaler Decl.* ¶ 5.

III. **DEFENDANT WILL NOT BE PREJUDICED BY A DELAY OF RESOLUTION OF THE COURT'S OSC.**

There is no prejudice or burden placed on the Defendant by this motion. The proposed discovery is directed at third parties only.

## CONCLUSION

Plaintiff respectfully requests the Court to delay ruling on the OSC and allow depositions of Harold Wegner and of Dennis Crouch to be taken with regard to patent reexamination delays. The Court should then allow briefing based upon those deposition transcripts prior to ruling on the OSC.

DATED this Friday, September 05, 2008.

        JENS ERIK SORENSEN, as Trustee of
        SORENSEN RESEARCH AND DEVELOPMENT
        TRUST, Plaintiff

        /s/ J. Michael Kaler
        J. Michael Kaler, Esq.
        Melody A. Kramer, Esq.
        Attorney for Plaintiff

# PROOF OF SERVICE

I, J. Michael Kaler, declare: I am and was at the time of this service working within in the County of San Diego, California. I am over the age of 18 year and not a party to the within action. My business address is the Kaler Law Offices, 9930 Mesa Rim Road, Suite 200, San Diego, California, 92121.

On Friday, September 05, 2008, I served the following documents:

NOTICE OF MOTION AND PLAINTIFF'S MOTION TO DELAY RULING ON THE COURT'S OSC WHY THE CASE SHOULD NOT BE STAYED AND ALLOW CONDUCT OF DEPOSITIONS OF HAROLD WEGNER AND DENNIS CROUCH

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DELAY RULING ON THE COURT'S OSC WHY THE CASE SHOULD NOT BE STAYED AND ALLOW CONDUCT OF DEPOSITIONS OF HAROLD WEGNER AND DENNIS CROUCH

DECLARATION OF J. MICHAEL KALER

| PERSON(S) SERVED | PARTY(IES) SERVED | METHOD OF SERVICE |
|---|---|---|
| Teresa Ascencio, Esq.<br>Sonneschein Nath & Rosenthal, LLP<br>4520 Main St., Suite 1100<br>Kansas City, MO 64111<br>816-460-2400<br>tascencio@sonneschein.com | DMS Holdings, Inc. | Email--Pleadings Filed with the Court |

☐ (Email) I emailed a true copy of the foregoing documents to an email address represented to be the correct email address for the above noted addressee.

[X] (Email--Pleadings Filed with the Court) Pursuant to Local Rules, I electronically filed this document via the CM/ECF system for the United States District Court for the Southern District of California.

I declare that the foregoing is true and correct, and that this declaration was executed on Friday, September 05, 2008, in San Diego, California.

/s/ J. Michael Kaler
_____
J. Michael Kaler