# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSON RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br>v.<br>DMS HOLDINGS, INC dba MABIS HEALTHCARE and DURO-MED INDUSTRIES, a Delaware Corporation; and DOES 1-100,<br><br>Defendant. | Case No. 08cv559-BTM-CAB<br><br>**ORDER RE MOTION FOR EXCEPTION TO STAY TO NAME AND SERVE DOE 1** |

Plaintiff moves for an exception to stay for leave to add Becton, Dickinson and Company ("Becton Dickinson") as a defendant in this case. For the reasons discussed below, Plaintiff's motion is **DENIED.**

## I. BACKGROUND

Plaintiff brings a patent infringement action against DMS Holdings ("DMS"), alleging infringement in the following products: Relion Digital Thermometer and the BD Rapid Flex Digital Thermometer. (Compl. ¶ 11.) The Relion Digital Thermometer is sold by DMS and the BD Rapid Flex Thermometer is sold by Becton Dickinson. (Opp. at 1.) Both products are manufactured by an offshore manufacturing company, Actherm, that is not a party in the instant case. (Reply at 2.)

1   On June 24, 2010, Defendant sought to remove from the accused product list two
2 models of the BD Rapid Flex Thermometer on the ground that these products "have no
3 relation to DMS" and that they "are products of Becton Dickinson." (Mem. at 2.)  Plaintiff
4 asserts that this June 24, 2010 communication put Plaintiff "on notice that DMS is claiming
5 no connection to BD thermometers" and on this ground, seeks to add Becton Dickinson to
6 the lawsuit.  (Mem. at 4.)

## II. DISCUSSION

Under Fed. R. Civ. P. 20(a)(2), persons may be joined as a defendant in an action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  This rule "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977).

Rule 20(a)(2)'s first requirement cannot be met in this case.  Plaintiff argues that because the challenged products are manufactured by the same company, Achterm, there is a "sufficient nexus for the products (and those entities who imported, sold, or offered for sale those products) to be combined in the same case." (Reply at 2.)  However, alleging a common manufacturer and infringement of the same patent is not enough to support joinder where defendants are unrelated companies, selling different products.  *C.f. N.J. Machine Inc. v. Alford Indus., Inc.*, No. 89-1879(JCL), 1991 WL 340196, at *1 (D.N.J. Oct. 7, 1991) ("Infringement of the same patent by different machines and parties does not constitute the same transaction or occurrence to justify joinder."); *Philips Elec. N. Am. v. Contec Corp.*, 220 F.R.D. 415, 418 (D. Del. 2004) ("[T]he only connection between [defendants proposed to be joined] is that they may have infringed the same patents owned by [plaintiff], which is an insufficient basis to join unrelated parties as defendants in the same lawsuit.").

Plaintiff does not point to any legal or business relationship between DMS and Becton

Dickinson and does not cite to any legal authority about how such unrelated companies may be liable for acts of the other. *See Philips Elec. N. Am.*, 220 F.R.D. at 417-18 (D. Del. 2004). Moreover, distinct and unrelated questions may arise at trial regarding the nature of each product's infringement. Thus, notwithstanding a liberal construction of Rule 20, here, joinder may result in jury confusion, instead of "trial convenience" or "expedit[ious] . . . final determination of disputes." *League to Save Lake Tahoe*, 558 F.2d at 917.

### III. CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's motion for leave to seek joinder. However, if Plaintiff files a separate action against Becton Dickinson, the Court would be amenable to consolidating the cases for the purpose of discovery and claim construction.

**IT IS SO ORDERED.**

DATED: November 24, 2010

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge