1

2

3

4

5

6

7

8       **UNITED STATES DISTRICT COURT**

9       **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   JENS ERIK SORENSEN, as Trustee of          Case No. 08cv559-BTM-CAB
     SORENSON RESEARCH AND
12   DEVELOPMENT TRUST,                          **ORDER RE MOTION FOR**
                                                 **RECONSIDERATION OF ORDER**
13                              Plaintiff,       **RE MOTION FOR EXCEPTION TO**
                                                 **STAY TO NAME AND SERVE DOE**
14        v.                                     **1**

15   DMS HOLDINGS, INC dba MABIS
     HEALTHCARE and DURO-MED
16   INDUSTRIES, a Delaware Corporation;
     and DOES 1-100,
17
                              Defendants.

18        Plaintiff moves for reconsideration of the Court's November 24, 2010 Order denying

19   Plaintiff's motion for leave to add Becton Dickinson as a Defendant in this case [dock. #101]

20   on the ground that the Court failed to address how denial of this motion would prejudice

21   Plaintiff.   Plaintiff asserts that that Order will result in a loss of two and a half years of

22   potential damages because damages for patent infringement are limited to six years from the

23   date a lawsuit is filed.  *See* 35 U.S.C. § 286.

24        The Court was aware of Plaintiff's argument that he would be prejudiced if he could

25   not join Becton Dickinson when the Court issued the November 24, 2010 Order.  Because

26   the Court concluded that Plaintiff was unable to meet Fed. R. Civ. P. 20(a)(2)'s requirements

27   governing joinder, it was not necessary to address Plaintiff's argument regarding prejudice.

28   Then, as now, Plaintiff presents no authority as to why a showing of prejudice would allow

1  a party to skirt the mandatory requirements of Rule 20(a)(2).

2        Regardless, the Court finds that any prejudice caused by the Order denying joinder

3  is of Plaintiff's own making.  Plaintiff's counsel should have been aware that the BD

4  Thermometer was a product sold by Becton Dickinson since August 30, 2006.  [*See* dock.

5  # 79, Exhibit 1, dock # 75, Exhibit A; *see also* dock. # 79 at 4-6]  Indeed, Plaintiff's original

6  motion to join Becton Dickinson as a Defendant included as an exhibit a September 15, 2006

7  letter from Actherm to Sorensen that states, "I have now been engaged to respond behalf

8  of Acterm's customer, BD, concerning Sorensen Research & Development Trust's

9  allegations of patent infringement as set forth in your August 30, 2006 letter to BD."  [Dock.

10 #75, Exh. A]  As Defendants correctly observe, "[H]ad Plaintiff wanted to recover the whole

11 of its alleged damages from Becton Dickinson, Plaintiff could easily have named Becton

12 Dickinson in a separate suit at least as early as August 30, 2006."  (Opp. at 4)

13       Plaintiff's reply does not address this deficiency in his claim of prejudice.  Instead, for

14 the first time in his reply brief on the motion for reconsideration, Plaintiff argues that

15 Defendant DMS does not have standing to object to another Defendant being named in this

16 case. (Reply at 4)  The Court will not consider this argument.  *See Bazuaye v. INS*, 79 F.3d

17 118, 120 (9th Cir. 1996) (per curiam) ("Issues raised for the first time in the reply brief are

18 waived.").

19       Plaintiff's motion for reconsideration is **DENIED**.  To the extent Plaintiff seeks a lift of

20 stay, this request is also **DENIED**.

21

22 **IT IS SO ORDERED.**

23

24 DATED:  March 14, 2011

25                                        _Barry Ted Moskowitz_

26                                        Honorable Barry Ted Moskowitz
                                           United States District Judge

27

28